# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SUSAN L. GELB,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-21-0267-W-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: September 14, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Vanessa Lichtenberger, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under 5 U.S.C. § 1221. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    On review, the appellant argues that she was improperly deprived of her right to a hearing.  In an individual right of action (IRA) appeal, an appellant generally has a right to a hearing when, as in this case, the appeal was timely filed and the Board has jurisdiction over the appeal.  5 C.F.R. § 1209.6(b); *see Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 4 (2012) ("If the appellant establishes Board jurisdiction over his IRA appeal by exhausting his remedies before [the Office of Special Counsel] and making the requisite nonfrivolous allegations, he has the right to a hearing on the merits of his claim.").  However, it is well established that an appellant may forfeit the opportunity to a hearing by inexcusably failing to attend.  *See Callahan v. Department of the Navy*, 748 F.2d 1556, 1559 (Fed. Cir. 1984).  The question of whether failure to appear at a hearing is excusable is "comparable to the issue of whether good cause has been shown for extension by the [Board] of a regulatory time limit."  *Id.*

¶3    We discern no error in the administrative judge's finding that the appellant failed to establish good cause for her failure to attend the hearing.  During an April 22, 2021 prehearing conference, the administrative judge informed the

parties that the hearing would take place using the Zoom for Government (ZfG) videoconferencing platform. Initial Appeal File (IAF), Tab 9 at 4. At that time, the appellant's representative expressed concern about the appellant's ability to access the necessary equipment and internet connection and asked if the appellant could appear in person at the regional office. *Id.* The administrative judge indicated that the Board's then-current COVID-19 protocol precluded an in-person appearance, and he ordered the appellant to review the ZfG information she had been provided and determine whether she could successfully use ZfG using the equipment available to her. *Id.* He ordered the appellant to notify the Board in writing by May 14, 2021, if she could not use ZfG and indicated that if the appellant did not make such a submission by that date, the hearing would, absent extraordinary circumstances, proceed as scheduled using ZfG. *Id.* The appellant failed to make such a submission by the May 14, 2021 deadline.

¶4  In a subsequent pleading, the appellant belatedly claimed that she was unable to appear by video and requested that she be allowed to participate in person or by telephone, using the ZfG dial-in option. IAF, Tab 18. The administrative judge denied the appellant's untimely request to appear other than by video and also denied her request for reconsideration of that ruling. IAF, Tabs 19, 22. He repeatedly warned the appellant that failure to appear as ordered could result in sanctions under 5 C.F.R. § 1201.43. IAF, Tabs 19, 22, 25.

¶5  The appellant entirely failed to appear at the hearing, either by video or telephone. When asked to explain his client's absence, her representative gave no indication that the appellant was unavailable for reasons beyond her control. Instead, the representative reiterated his objections to the administrative judge's order directing the appellant to appear by video and stated that the appellant had made other plans for the day. IAF, Tab 28, Hearing Audio Recording. Under

these circumstances, we discern no error in the administrative judge's finding that the appellant failed to show good cause for her absences.[2]

¶6      Moreover, even if we were to find that the administrative judge erred in cancelling the hearing, an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). In her close of record submission below, the appellant explicitly conceded that no material facts were in dispute and that she would have presented only oral argument had the hearing taken place. IAF, Tab 30 at 8. Hence, the appellant has not shown that the cancellation of the hearing affected her substantive rights.

¶7      The appellant further argues, for the first time on review, that the administrative judge's appointment was invalid under the Appointments Clause. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). In the absence of such a showing, the appellant's new argument provides no basis for further review.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] We have considered the appellant's argument that, even though she was absent, the hearing could have proceeded with her representative acting in her stead. *See Sparks v. U.S. Postal Service*, 32 M.S.P.R. 422, 425 (1987). In this case, however, unlike *Sparks*, the appellant's representative requested that the hearing be rescheduled. Moreover, as discussed above, the administrative judge had explicitly ordered the appellant herself to appear by video and advised her that failure to comply with that order could result in sanctions under 5 C.F.R. § 1201.54 (which may include cancellation of a hearing).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of the <u>date of issuance</u> of this decision.  [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.